Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Luis E. Santiago Santiago<br><br>Recurrido<br><br>Diomara Torres Quiñones<br><br>Peticionaria<br><br><br>Ex Parte | TA2026CE00144 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.:<br>C D2018-0443<br><br>Sobre:<br><br>Divorcio (CM) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece la señora Diomara Torres Quiñones (Sra. Torres Quiñones o peticionaria), quien nos solicita la revisión de una Resolución emitida el 27 de enero de 2026[1], por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante el referido dictamen, el foro primario determinó no expedir la orden de arresto en contra del señor Luis E. Santiago Santiago (Sr. Santiago Santiago o recurrido), toda vez que desconoce sus actuales circunstancias económicas. Por tal razón, dispuso que refirió el caso del alimentante ante el Examinador de Pensiones Alimentarias (PEA) para que se emitiera una evaluación al respecto.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari*, por los fundamentos que expondremos a continuación.

---

[1] Notificada el 29 de enero de 2026.

# I.

El 16 de diciembre de 2025, la Sra. Torres Quiñones presentó ante el foro primario una Urgente Solicitud de Orden de Arresto en contra del recurrido. En síntesis, detalló que el 28 de abril de 2025, el TPI determinó que el Sr. Santiago Santiago estaba incurso en desacato por incumplir con su obligación alimentaria respecto a sus hijos. Sin embargo, alegó que posteriormente el tribunal recurrido dejó en suspenso dicho decreto, puesto que le impuso al recurrido un plan de pago. No obstante, señaló que este aún adeuda $5,700.00, en concepto de obligación alimentaria, más debe un pago retroactivo de $18,656.00. En vista de tales circunstancias, solicitó la expedición de una orden de arresto sin el señalamiento de una vista de seguimiento.

Por su parte, el 19 de diciembre de 2025, el Sr. Santiago Santiago interpuso una Moción en Oposición a Urgente Solicitud de Desacato, en la cual expuso que devenga la cantidad de $574.51 semanalmente. Precisó, además, que ya no tiene un contrato con el Municipio de Morovis, donde laboraba, que le permita generar ingresos. Por ello, peticionó que se le permitiera una revisión extraordinaria de la pensión alimentaria, toda vez que no posee la capacidad económica para satisfacer la suma de $2,000.00 impuesta por el TPI.

Tras examinar ambos escritos, el 29 de diciembre de 2025, el foro primario dictó una Orden[2], en la cual indicó "[e]nterado".[3] En desacuerdo, el 13 de enero de 2026, la parte peticionaria radicó una Urgente Moción de Reconsideración. En esencia, impugnó la solicitud de revisión de pensión alimentaria presentada por el recurrido. Asimismo, argumentó que procede la expedición de la orden de arresto en su contra, toda vez que ha incumplido

---

[2] Notificada el 30 de diciembre de 2025.
[3] Apéndice de la parte peticionaria, Anejo 17, a la pág. 1.

reiteradamente con las órdenes judiciales, en detrimento del bienestar de los menores.

Pendiente de adjudicación su reconsideración, el 16 de enero de 2026, el TPI dictó una Orden[4], en la cual dispuso lo siguiente en cuanto a la revisión de pensión alimentaria peticionada por el Sr. Santiago Santiago:

> *5. El Tribunal ordena a la EPA señalar vista presencial lo más pronto posible, y en su informe de vista deberá detallar claramente la cantidad de reserva del demandado, su ingreso real bruto y neto y cuáles son las fuentes de ingreso. Emitido el informe el Tribunal estará en posición de tener una vista de desacato efectiva y sin duplicidad de procedimientos y descubrimiento de pruebas.*
>
> *6. Se ordena a las partes presentar descubrimiento de pruebas antes del 26 de enero de 2026, de otra manea se entenderá renunciado. Este término es improrrogable. En el presente caso el Tribunal permitirá solo un descubrimiento de pruebas.*
>
> *7. Se ordena a las partes someter PIPE debidamente juramentadas antes del 23 de enero de 2026, o el Tribunal impondrá una primera sanción económica a la parte, y al representante legal no menor de $500.00 respectivamente. Quedan claramente advertidos. Este término es improrrogable.*
>
> *8. Se ordena a Secretaria, una vez la EPA emita fecha de vista, emita las correspondientes notificaciones-citaciones a ambas partes. Cada parte deberá notificar a la otra mediante emplazador y presentar la notificación-citación debidamente diligenciada en el Tribunal antes del 30 de enero de 2026. Este término es improrrogable.*
>
> *9. Una vez la EPA notifique fecha de vista, el Tribunal, dentro de su calendario, señalara vista de desacato.*[5] (Énfasis nuestro y citas omitidas).

Consecutivamente, el 27 de enero de 2026, el foro primario emitió una Resolución[6] en la cual declaró No Ha Lugar la reconsideración solicitada por la peticionaria. Puntualizó que refirió el caso ante el Examinador de Pensiones Alimentarias, para

---

[4] Notificada en igual fecha.

[5] Apéndice de la parte peticionaria, Anejo 10, a la pág. 1.

[6] Notificada el 29 de diciembre de 2025.

que este foro determinase si las circunstancias del alimentante han cambiado sustancialmente. Adelantó que, a la luz de la información surgida en dicho procedimiento, entonces procedería alcanzar una determinación justa para todas las partes y en atención al bienestar de los menores. **Por último, advirtió que "[t]omar la decisión de privar a un ciudadano de su libertad, sin antes tomar en consideración todas las circunstancias del caso, sí constituiría un claro abuso de discreción por parte de este Tribunal**".[7] (Énfasis nuestro).

Con posterioridad, el 28 de enero de 2026, el tribunal recurrido dictó una Resolución, en la cual estableció que el 16 de enero de 2026 les ordenó a las partes a someter la Planilla de Información Personal y Económica (PIPE), y les apercibió que el incumplimiento conllevaría severas sanciones no menores de $500.00. No obstante, determinó que la peticionaria no cumplió con dicho decreto. Enfatizó, también, que emitió una orden de mostrar causa por la cual no imponerle tal sanción, sin embargo, tampoco acató tal directriz. Por lo anterior, dispuso que la parte peticionaria tendría hasta el 2 de febrero de 2026 para pagar la sanción impuesta de $500.00. De lo contrario, anticipó que procedería a imponer nuevas sanciones económicas.

A pesar de lo decretado, el 3 de febrero de 2026, el foro primario emitió una Orden, en la cual dispuso que la Sra. Torres Quiñones aún no ha cumplido con su anterior decreto ni ha pagado las sanciones económicas. Siendo así, dictaminó otra sanción económica en contra de esta y su representante legal por la suma de $700.00, la cual debía pagar en o antes **del 6 de febrero de 2026**. Ahora bien, le otorgó un término adicional a la peticionaria hasta el **9 de febrero de 2026**, para cumplir con la orden del 16 de enero de 2026. De incumplir, subrayó que

---

[7] Apéndice de la parte peticionaria, Anejo 2, a la pág. 3.

procedería a imponer sanciones económicas diarias a partir de **10 de febrero de 2026**.

Inconforme, el 8 de enero de 2026, la Sra. Torres Quiñones recurrió ante este Tribunal de Apelaciones mediante una Petición de Certiorari, en la cual esbozó los siguientes señalamientos de error:

> *Primer Error: Erró el TPI e incurrió en un abuso de discreción al negarse a ejecutar la orden de arresto previamente suspendida contra un alimentante que ha sido encontrado en desacato dos veces, ha incumplido tres planes de pago consecutivos, y ha demostrado un patrón de falsedad juramentada y obstrucción procesal.*
>
> *Segundo Error: Erró el TPI al referir el caso a la EPA para "revisión de circunstancias" sin requerir el pago previo de la deuda acumulada, sin celebrar vista de desacato urgente, premiando así la conducta contumaz del alimentante y contraviniendo la política pública sobre sustento de menores.*
>
> *Tercer Error: Erró el TPI al validar la alegación del alimentante sobre "cambio de circunstancias" sin celebrar vista evidenciaría, ignorando su historial de falsedad juramentada sobre sus ingresos reales.*
>
> *Cuarto Error: Erró el TPI al imponer multas y términos excesivamente cortos a la parte alimentista durante el período de revisión judicial, mientras simultáneamente concede oportunidades ilimitadas al alimentante contumaz, configurando un patrón de prejuicio, parcialidad y/o error craso.*

En igual fecha, la peticionaria radicó una Moción en Auxilio de Jurisdicción, en la cual peticionó, entre otros extremos, que el foro primario dejara sin efectos las sanciones económicas impuestas contra esta y su representante legal. Examinado su escrito, este Tribunal de Apelaciones emitió una Resolución en la cual concedió a la parte recurrida un término a vencer el 17 de febrero de 2026 hasta las 12:00 del mediodía para exponer su posición. De conformidad con lo anterior, el 16 de febrero de 2026, el Sr. Santiago Santiago presentó su Oposición al Recurso de *Certiorari*. En esencia, nos peticionó que denegáramos la expedición del auto discrecional solicitado por la parte peticionaria. Razonó que la Sra. Torres Quiñones no demostró que el foro

primario incurrió en error manifiesto, pasión, prejuicio o parcialidad al emitir el dictamen recurrido.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

**A.**

En norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR*, 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención interlocutoria de este Tribunal de Apelaciones:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la*

*apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847-848 (2023) (citando a R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, a la pág. 533).

No obstante, una vez se adquiere jurisdicción a tenor con la Regla 52.1 de Procedimiento Civil, *supra*, la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> *C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del*

*pleito y una dilación indeseable en la solución final del litigio.*

*F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al. v. BBVAPR,* a la pág. 338; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra,* a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

**III.**

Luego de examinar sosegadamente el expediente ante nuestra consideración, no identificamos los criterios jurídicos establecidos en la Regla 40 del Tribunal de Apelaciones, *supra,* que nos permitan expedir el recurso discrecional solicitado por la Sra. Torres Quiñones. Nada en el expediente judicial devela indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto por parte del foro primario. En vista de lo anterior, denegamos expedir el recurso de *Certiorari* peticionado, toda vez que no se cumplen criterios exigidos para activar nuestra facultad revisora discrecional.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, denegamos la expedición del auto de *Certiorari*, respecto a la Resolución emitida el 27 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En vista de lo anterior, declaramos No Ha Lugar la Moción en Auxilio de Jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones